the laws of the jurisdiction * * * under which the estate is being administered." It is quite true that the reason given was that inheritance taxes were " taxes on the right of individual beneficiaries," and for that reason not " charges that affect the estate as a whole." Literally the first clause quoted contradicts *U. S.* v. *Perkins, supra,* but the cases may be reconciled by understanding that the " charges" intended are only such as are imposed on the executor as successor *stricti juris,* like the income tax itself, and not such as arise because he must distribute the estate, as is the inheritance tax. There was reason to impute such a distinction to Congress, since the income tax is collected yearly, while the inheritance tax is levied once and for all. Both sovereigns might well insist upon an exaction on the whole estate for the privilege of its transfer.

We are of the opinion that the decision of the United States Supreme Court in *New York Trust Co.* v. *Eisner, supra,* is not controlling in the appeal at bar. Cf. *Appeal of Farmers Loan & Trust Co.,* 3 B. T. A. 97.

PHILLIPS concurs in the result only.

---

APPEAL OF JOANNA LOVETT, EXECUTRIX OF THE ESTATE OF THOMAS J. LOVETT, DECEASED.

Docket No. 2940.   Submitted July 1, 1925.   Decided December 1, 1925.

*B. G. Simpich, Esq.,* for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax for the year 1923 in the amount of $228.19. The sole issue is whether the New York State transfer tax is deductible by an estate in determining taxable net income.

FINDINGS OF FACT.

Thomas J. Lovett died a resident of the city of Buffalo, N. Y., prior to the year 1923, and Joanna Lovett was duly appointed executrix of his estate. During the year 1923 the executrix filed a New York State transfer-tax return upon which was assessed a transfer tax of $5,650.29, which tax was paid by her in the year 1923. In making the income-tax return for the estate for that year the executrix deducted, as tax paid by the estate, the said amount of $5,650.29, and the Commissioner in the audit of the said return disallowed the said deduction and assessed the deficiency here in issue.

DECISION.

The deficiency determined by the Commissioner is disallowed. *Appeal of Farmers Loan & Trust Co.,* 3 B. T. A. 97; *Appeal of Edgar Munson,* 3 B. T. A. 185.